IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT EUGENE MEREDITH,   )
                          )
    Petitioner,            )   Civil No. 04-762-TC
                          )
    v.                     )   FINDINGS AND
                          )   RECOMMENDATION
BRIAN BELLEQUE,            )
                          )
    Respondent.            )
_____)

COFFIN, Magistrate Judge.

Presently before the court is the question of whether petitioner is entitled to equitable tolling of the statute of limitations period which expired prior to his filing the petition for habeas corpus relief at issue in this case.

## BACKGROUND

Petitioner was convicted by a Josephine County jury of three counts of Aggravated Murder, three counts of Murder, three counts of Manslaughter in the First Degree, three counts of Arson in

1 - FINDINGS AND RECOMMENDATION

the First Degree, and one count of Burglary in the First Degree. Following his convictions, petitioner was sentenced to life imprisonment. He directly appealed his convictions, but the Oregon Court of Appeals affirmed, State v. Meredith, 149 Or.App. 164 (1997), and the Oregon Supreme Court denied review. State v. Meredith, 326 Or. 58 (1997). Petitioner filed for state post-conviction relief, but the court denied relief. The Oregon Court of Appeals affirmed without opinion, Meredith v. Palmateer, 188 Or.App. 489 (2003), and the Oregon Supreme Court denied review. Meredith v. Palmateer, 336 Or. 125 (2003).

Petitioner then filed the petition for habeas corpus relief presently before this court, in which he asserts trial court error and ineffective assistance of counsel. Respondent now seeks dismissal of the petition on the basis that petitioner failed to file it within the one-year period provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## APPLICABLE LAW ON AEDPA'S LIMITATIONS PERIOD

The relevant portion of AEDPA amended 28 U.S.C. § 2244(d), which now provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the Judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## DISCUSSION

The statute of limitations in this case began running on February 4, 1998, following the expiration of the period in which petitioner could have sought certiorari from the United States Supreme Court on the denial of his direct appeal. Therefore, pursuant to AEDPA, petitioner had one year from that date, excluding any time during which a state post-conviction proceeding was pending, to file a federal habeas corpus petition.

On September 23, 1998, petitioner signed a petition for state post-conviction relief. After his unsuccessful appeals, the final appellate judgment was entered on December 9, 2003. Petitioner signed the petition before this court on May 24, 2004.

Petitioner concedes that the AEDPA limitations period applied to his petition, and does not contest that 398 days expired which were not subject to statutory tolling, making his petition untimely by 33 days. However, petitioner argues that he is entitled to equitable tolling of the AEDPA statute of limitations because of his post-conviction attorney's failure to timely return the trial record to him, which made it unduly difficult for him to file his petition within the prescribed period.

A.    **Applicable law on equitable tolling**

"Equitable tolling will not be available in most cases, as extensions of time will only be

3 - FINDINGS AND RECOMMENDATION

granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (quoting Calderon v. United States Dist. Ct. for the Centr. Dist. of Cal. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997)). Petitioner bears the burden of demonstrating that equitable tolling is appropriate. Gaston, 417 F.3d at 1034; Miranda v. Castro, 292 F.3d 1963, 1065 (9th Cir. 2002). Further, the extraordinary circumstances must be the cause-in-fact of the untimeliness of the filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Thus, a litigant seeking equitable tolling must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005), Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

**B.    Analysis in this case**

It is clear that petitioner in this case requested that his post-conviction attorney return the trial record to him on multiple occasions, and indeed that petitioner specifically cited his need to go over it "before I make my next move," clearly a reference to the preparation of a federal habeas corpus petition. The record reflects the following timeline:

• On February 15, 2002, seven months after the PCR trial court dismissed his petition (meaning that PCR counsel would no longer have a clear need for the underlying trial record), petitioner first requested that the transcripts be returned to him, if PCR counsel was finished with them. There was apparently no response from counsel.

• On June 28, 2002, petitioner wrote to counsel indicating that a friend would call or come by counsel's office to pick up the transcripts. This did not occur, however, and there was apparently no response from counsel. A similar letter was sent on July 29, 2002, again with no action and no

response.

• On January 29, 2003, petitioner wrote to counsel asking about his appeal and again requested that the transcripts be returned if counsel was done with them. A month later counsel wrote petitioner back about the status of the appeal, but did not mention the transcripts.

• On August 4, 2003, petitioner again wrote counsel, stating that he would like the transcripts returned if counsel was done with them. On November 12, 2003, counsel wrote petitioner to inform him that the Oregon Supreme Court had denied review of his petition, and that his representation of petitioner was completed. Counsel did not mention the transcripts.

• On November 14, 2003, petitioner stated that he wanted the transcripts back. On November 24, counsel wrote petitioner stating that he could sent the transcripts to petitioner but that he could also retain them so that a federal public defender could pick them up once he or she was appointed to represent petitioner in a federal habeas action.

• On November 25, 2003, petitioner wrote counsel indicating that he would like the transcript returned to him, even if it would mean petitioner would later have to get them to a federal public defender.

• On December 9, 2003, the final appellate judgment issued in petitioner's PCR case.

• On January 12, 2004, counsel returned the transcripts to petitioner.

• On April 22, 2004, petitioner's AEDPA statute of limitations expired and the AEDPA clock began running again.

• On May 24, 2004, petitioner signed and submitted his federal habeas corpus petition. The court finds from the record that petitioner had been pursuing his rights diligently. It is clear from his correspondence with counsel, beginning in February 2002, that he wanted the trial record

5 - FINDINGS AND RECOMMENDATION

so that he would have adequate opportunity to review it and use it in the preparation of a future petition for relief. And although he missed the filing deadline by over a month, he did file a pro se federal habeas petition four months after receiving the 2000-plus pages of trial transcripts. Therefore, the question before this court is whether the above reflects an extraordinary circumstance that stood in the way of a timely filing. The court finds, under the circumstances of this case, that it does.

Although respondent notes that petitioner had three full months available to him to review the transcripts and still meet the filing deadline - and that, ultimately, his petition as filed did not clearly depend on materials contained exclusively in the transcript - I cannot say with certainty that three months of time in a prison environment is necessarily sufficient to review over 2000 pages of materials in order to adequately prepare a petition for federal habeas corpus.[1] See, e.g., Espinoza-Matthews, 432 F.3d at 1027-28 ("As we have recognized, it is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file. For nearly 11 months, despite his diligence, Espinoza-Matthews could not obtain his legal papers. After his release from Ad/Seg, Espinoza-Matthews had only slightly over a month with his legal file to try to prepare a proper petition. Under these circumstances, Espinoza-Matthews is entitled to equitable tolling.") (quotation marks and citation omitted). Although here petitioner had three months to prepare his petition, compared with only one month in Espinoza-

---

[1] Although ultimately petitioner relied primarily on the arguments contained in his earlier state filings in drafting his federal petition, the court cannot assume that, just because the trial transcripts were not <u>actually</u> needed, there was no <u>potential</u> need for them. Without personally reviewing the record, petitioner, now acting pro se, would not have known which arguments were well supported by the record, which perhaps could be culled, and what support, if any, counsel had overlooked in making his earlier arguments.

6 - FINDINGS AND RECOMMENDATION

Matthews, it is also relevant to note that Espinoza-Matthews was challenging a conviction on robbery and possession of a firearm charges - as opposed to petitioner here, who is challenging multiple murder by arson convictions in which numerous forensic experts testified and in which it is clear that complicated forensic testimony was central to obtaining the convictions. Under these circumstances, and considering the timeline described above, the court finds that petitioner is entitled to equitable tolling of the AEDPA statute. His petition should be deemed timely filed, and the case should proceed.

## CONCLUSION

For the above-stated reasons, the court should find that equitable tolling applies to petitioner's filing, and should allow the case to proceed.

DATED this 28 day of August, 2006.

Thomas M. Coffin
United States Magistrate Judge